# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DEBRA FOX-WEISS, )
)
Plaintiff, )
)
v. ) Case No. CIV-04-222-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## OPINION AND ORDER

This matter comes before this Court on the remand order of the Tenth Circuit Court of Appeals entered in this case on July 30, 2008. On November 15, 2006, this Court entered an Opinion and Order which awarded Plaintiff's attorney fees under 42 U.S.C. §406(b). However, the fees that were awarded were limited by the award by the agency under §406(a). Plaintiff's attorney appealed the Order. Subsequently, the Tenth Circuit entered its decision in Wrenn v. Astrue, 525 F.3d 931 (10th Cir. 2008), which found the award under §406(b) is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Id. at 937-938. As a result, the Tenth Circuit vacated November 15, 2006 Opinion and Order and remanded the case for further consideration in light of Wrenn.

This Court once again considers the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) and Fed. R. Civ. P. 60(b)(6) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on September 22, 2006 (Docket Entry #17). Counsel requests that they be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $7,691.75. Counsel was employed by Plaintiff to

appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In this case, Counsel obtained a reversal of the ALJ's decision and a remand of the case for further proceedings. Plaintiff was subsequently found disabled by Defendant since March of 2002 and awarded benefits. Plaintiff was awarded attorneys' fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $5,511.20. Plaintiff was awarded past due benefits in the amount of $30,767.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained. Additionally, counsel must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987). Thus, counsel will be required to make the refund.

Counsel's §406(b) request must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006), which Plaintiff's counsel has done in this case. While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on June 20, 2006. However, Counsel did not receive the Notice until July 27, 2006. Counsel filed the subject Motion on September 22, 2006. Thus, this Court finds the request for § 406(b) fees is timely.

IT IS THEREFORE ORDERED that, in accordance with the directive

3

of the Tenth Circuit Court of Appeals, the Opinion and Order entered by this Court on November 15, 2006 (Docket Entry #19) is hereby **VACATED**.

IT IS FURTHER ORDERED that Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) and Fed. R. Civ. P. 60(b)(6) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on September 22, 2006 (Docket Entry #17) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $7,691.75 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 19th day of November, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE